**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUMBERTO MARTINEZ, Deceased, through his Co-Successors in Interest; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> CITY OF PITTSBURG, a public entity; et al., <br><br> Defendants-Appellants. | No.   19-15550 <br><br> D.C. No. 3:17-cv-04246-RS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California, San Francisco
Richard G. Seeborg, District Judge, Presiding

Argued and Submitted June 10, 2020
San Francisco, California

Before:  MILLER and HUNSAKER, Circuit Judges, and RAYES,** District Judge.

Appellants appeal the district court's denial of qualified immunity to City of

Pittsburg Police Department officers Ernest Mejia, Jason Waite, Willie Glasper,

---

  *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **      The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Gabriel Palma, Jonathan Elmore, and Patrick Berhan at summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 because Appellants make a purely legal argument that the officers are entitled to qualified immunity assuming the facts most favorable to Appellees. *Rodriguez v. Cty. of L.A.*, 891 F.3d 776, 791 (9th Cir. 2018). We review *de novo* the district court's summary judgment ruling on the grounds of qualified immunity. *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1075 (9th Cir. 2011). We also review *de novo* whether a plaintiff's rights were clearly established at the time of the alleged violation. *Boyd v. Benton Cty.*, 374 F.3d 773, 778 (9th Cir. 2004). We affirm.

Under the Fourth Amendment, law enforcement officers may use only such force as is objectively reasonable under the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 397 (1989). We evaluate the objective reasonableness of the force used by considering (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether he is actively resisting or attempting to evade arrest by flight." *Id*. at 396. Construing the evidence in Appellees' favor, a reasonable jury could conclude that the combined force used by the officers against Mr. Martinez was unreasonable.

Appellants contend that the district court erred because it did not determine that a jury could find each of the officer's actions, independently, rose to the level

of a constitutional violation. But the integral participant rule "extends liability to those actors who were integral participants in the constitutional violation, even if they did not directly engage in the unconstitutional conduct themselves." *Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009). In evaluating whether each officer violated Mr. Martinez's Fourth Amendment rights, the officer's actions should not be viewed in a vacuum. Here, viewing the evidence in the light most favorable to Appellees, the district court determined that "[a]ll the officers named in this suit were actively involved in the struggle to restrain Martinez" and that "each of the named officers struck, tased, or otherwise attempted to restrain Martinez during the confrontation." The facts thus support the conclusion that each officer had "some fundamental involvement in the conduct that allegedly caused the violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007).

Construing the facts in Appellees' favor, clearly established law put each officer on notice that his actions made him an integral participant in the use of excessive force against Mr. Martinez. *See Tuuamalemalo v. Greene*, 946 F.3d 471, 477 (9th Cir. 2019) ("it was clearly established [before January 25, 2014] that the use of a chokehold on a non-resisting, restrained person violates the Fourth Amendment's prohibition on the use of excessive force"); *Blankenhorn*, 485 F.3d at 481 n.12 (denying qualified immunity to officer helping to handcuff the plaintiff

because the handcuffing, although not excessively forceful in itself, "was instrumental in the officers' gaining control of [him], which culminated in" excessive force); *Drummond v. City of Anaheim*, 343 F.3d 1052, 1059 (9th Cir. 2003) ("squeezing the breath from a compliant, prone, and handcuffed individual despite his pleas for air involves a degree of force that is greater than reasonable").

**AFFIRMED.**

4